Morton B. Silberman, J.
Defendant appeals from a judgment of the Police Justice’s Court of the Village of Nyack, New York. The defendant, on October 12, 1966, pleaded guilty to the misdemeanor of assault, third degree (Penal Law, § 244, subd. 1) and to the offense of disorderly conduct (Penal Law, § 722, subds. 1, 2). On the conviction of assault, third degree, defendant was sentenced to a term of 30 days in the County Jail. On the conviction of disorderly conduct defendant was sentenced to a term of 10 days in the County J ail, to be served concurrently with the assault, third degree sentence. On October 21, 1966 a certificate of reasonable doubt was issued by this court, and defendant was released on bail pending determination of his appeals. Defendant had served 9 days of his sentence before his release on bail pending his appeals.
*876 On October 11, 1966 defendant at about 11:30 p.m. was charged with the misdemeanor of assault, third degree. He was at that time 18 years of age. He was charged with having struck with his fist the left arm of the complainant. The incident apparently arose at or near the Nyack Hospital, where defendant was being treated for injuries sustained in an automobile accident. Thirty-five minutes later, at 12:05 a.m. on October 12, 1966, defendant was charged with the offense of disorderly conduct for the use of profane language. Within one hour thereafter this 18-year-old defendant was arraigned before the Police Justice of the Village of Nyack, and, without the aid of counsel, was convicted of both charges on his pleas of guilty, and was sentenced and committed to the County Jail for concurrent terms of 30 days and 10 days. Defendant’s main point on this appeal is that, being unrepresented by an attorney and without funds to retain an attorney, he was not fully and properly advised as to his rights to assigned counsel, and that he did not knowingly and intelligently waive his right to be represented by counsel.
In the return to this appeal filed by the Police Justice before whom the defendant pleaded guilty, the Police Justice states that the defendant was advised of his rights to counsel and to assigned counsel, and that the defendant knowingly and intelligently waived his right to counsel. There was no stenographic record of the proceedings.
In People v. Witenski (15 N Y 2d 392) and People v. Kraft (16 N Y 2d 766) our Court of Appeals made it abundantly clear that when dealing with minors courts must take every precaution to assure representation by counsel. It is clearly contrary to the rationale of these decisions for a plea of guilty to a crime to be accepted at 1 o’clock in the morning from an 18-year-old, unaccompanied by parents and without advice of counsel. A serious question is always present when a minor under such circumstances is said to have knowingly and intelligently waived his right to be represented by counsel. This is not to say that under no circumstances may it be found that a minor has knowingly and intelligently waived his right to be represented by counsel. However, if a minor truly intends to waive his constitutional right to counsel and to plead guilty to a crime, certainly due process, basic fairness and the interests of justice would far better be served by not accepting a plea of guilty at 1 o’clock in the morning from an 18-year-old, unaccompanied by a parent or an attorney, but rather that the matter be adjourned to at least enable the minor to consult with his parents or an attorney. If a minor and his parents are without funds to retain counsel then the minor should be informed by *877 the court of the availability of the Public Defender to represent him rather than the perfunctory advice that he is entitled to have counsel assigned to him. This is one of the basic reasons why the office of Public Defender was established by the Legislature. In considering whether the defendant would have availed himself of the services of the Public Defender had he been informed of the availability of such representation, it is interesting to note that the defendant did, in fact, consult with the Public Defender and availed himself of the Public Defender’s services shortly after he was imprisoned in the County Jail. Can it be seriously contended that he would not have availed himself of such representation had he been advised by the court of such services at his arraignment?
It is further to be noted that there is nothing in the record before this court to indicate whether this defendant had any prior criminal record. If he did not have any prior conviction, as may well be the fact, then should he not have been treated as a youthful offender? Our Legislature has established a most effective youthful offender statute. If this defendant has no prior criminal record, it is difficult to conceive of any attorney representing him not making an application to the court for Youthful Offender treatment, and equally difficult to conceive of a court not granting such application in a case of this nature. (Under the proposed new Code of Criminal Procedure, youthful offender treatment would be mandatory in this type of case.)
Upon the contentions of this defendant that he was not fully and properly advised of his right to assigned counsel and did not knowingly and intelligently waive his right to counsel, and in the absence of a stenographic record establishing a knowing and intelligent waiver of counsel, this court believes that in the interest of justice the defendant should be afforded the right to appear in court on these charges represented by counsel. Accordingly, the judgments herein are reversed and the matters are remanded to the Justice’s Court of the Village of Nyack with a direction to permit the withdrawal of pleas of guilty and for appropriate proceedings on the informations.